**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY REIN and JACQUELINE REIN, | CASE NO: 1:19-cv-08130 |
| Plaintiffs, | |
| v. | |
| THERMATOOL CORPORATION and INDUCTOTHERM GROUP, | ANSWER OF DEFENDANTS THERMATOOL CORPORATION AND INDUCTOTHERM GROUP |
| Defendants. | |

Defendants, Thermatool Corp. (incorrectly pled as Thermatool Corporation) ("Thermatool") and Inductotherm Group ("Inductotherm Group") (aggregately referred to as "Defendants"), by and through their attorneys, Eckert Seamans Cherin & Mellott, LLC by way of Answer, say:

## AS TO COUNT 1 – STRICT LIABILITY
### (As to Thermatool)

1. After reasonable inquiry, Defendant Thermatool is unable to admit or deny the allegations as pled and leave Plaintiffs to their proofs.

2. After reasonable inquiry, Defendant Thermatool is unable to admit or deny the allegations as pled and leave Plaintiffs to their proofs.

3. After reasonable inquiry, Defendant Thermatool is unable to admit or deny the allegations as pled and leave Plaintiffs to their proofs.

4. After reasonable inquiry, Defendant Thermatool is unable to admit or deny the allegations as pled and leave Plaintiffs to their proofs.

5. After reasonable inquiry, Defendant Thermatool is unable to admit or deny the allegations as pled and leave Plaintiffs to their proofs.

6. It is denied that the "Machine" alleged to have been designed by Defendant Thermatool contained any design or manufacturing defect which rendered the product defective, unsafe and unreasonably dangerous.

(a) Defendant Thermatool denies the allegations contained in this paragraph that it failed to contain a guarding device so as to protect against injuries to fingers and hands.

(b) Defendant Thermatool denies the allegations contained in this paragraph that it failed to contain an operator control system that would prevent inadvertent machine activation.

(c) Defendant Thermatool denies the allegations contained in this paragraph that it failed to contain a delay and warning system to make users aware of machine activation.

(d) Defendant Thermatool denies the allegations contained in this paragraph that it failed to provide adequate warnings.

(e) Defendant Thermatool denies the allegations contained in this paragraph that it failed to provide adequate instructions.

(f) Defendant Thermatool denies the allegations contained in this paragraph that it failed to provide adequate instructions.

7. Defendant Thermatool denies the allegations contained in this paragraph that the "Machine" was unreasonably dangerous when it left Thermatool's control.

8. It is denied that Plaintiff Anthony Rein sustained injuries due to any defect in the design, manufacture, sale or distribution of a machine utilized by Plaintiff and placed into the stream of commerce by Defendant Thermatool.

As to any injuries alleged by Plaintiff Anthony Rein, Defendant Thermatool, after reasonable inquiry, is unable to admit or deny the allegations as pled and leave Plaintiffs to their proofs.

**WHEREFORE,** Defendant Thermatool respectfully requests that Plaintiffs' Complaint be dismissed with prejudice and that the Court award taxed costs in addition to any other relief that the Court deems appropriate.

## AS TO COUNT II - NEGLIGENCE

### (As to Thermatool)

9. Defendant Thermatool repeats each and every response to Paragraphs 1 through 8 of the Answer as if more specifically set forth in full herein.

10. After reasonable inquiry, Defendant Thermatool is unable to admit or deny the allegations as pled and leave Plaintiffs to their proofs.

11. It is denied that the "Machine" alleged to have been designed by Defendant Thermatool contained any design or manufacturing defect which rendered the product defective, unsafe and unreasonably dangerous.

    (a) Defendant Thermatool denies the allegations contained in this paragraph that it failed to contain a guarding device so as to protect against injuries to fingers and hand.

(b) Defendant Thermatool denies the allegations contained in this paragraph that it failed to contain an operator control system that would prevent inadvertent machine activation.

(c) Defendant Thermatool denies the allegations contained in this paragraph that it failed to contain a delay and warning system to make users aware of machine activation.

(d) Defendant Thermatool denies the allegations contained in this paragraph that it failed to provide adequate warnings.

(e) Defendant Thermatool denies the allegations contained in this paragraph that it failed to provide adequate instructions.

(f) Defendant Thermatool denies the allegations contained in this paragraph that it was otherwise careless and negligent.

12. Defendant Thermatool denies the allegations contained in this paragraph that as a proximate result of one or more of the foregoing conditions, Plaintiff Anthony Rein was severely and permanently injured.

13. Defendant Thermatool denies that Plaintiff Anthony Rein's injuries and damages are a direct and proximate result of any conduct attributable to it.

**WHEREFORE**, Defendant Thermatool respectfully requests that Plaintiffs' Complaint be dismissed with prejudice and that the Court award taxed costs in addition to any other relief that the Court deems appropriate.

4

## AS TO COUNT III – STRICT LIABILITY

### (As to Inductotherm Group)

14. Defendant Inductotherm Group repeats each and every response to Paragraphs 1 through 13 of the Answer as if more specifically set forth in full herein.

15. Defendant Inductotherm Group denies that on February 13, 2019 it engaged in the design, manufacture and distribution of any equipment identified in paragraph 15 of Plaintiffs' Complaint.

16. After reasonable inquiry, Defendant Inductotherm Group is unable to admit or deny the allegations as pled and leave Plaintiffs to their proofs.

17. Defendant Inductotherm Group denies that at some time prior to February 13, 2019, it designed, manufactured, sold, distributed and placed the "Machine" into the stream of commerce.

18. After reasonable inquiry, Defendant Inductotherm Group is unable to admit or deny the allegations as pled and leave Plaintiffs to their proofs.

19. After reasonable inquiry, Defendant Inductotherm Group is unable to admit or deny the allegations as pled and leave Plaintiffs to their proofs.

20. It is denied that the "Machine" alleged to have been designed by Defendant Inductotherm Group contained any design or manufacturing defect which rendered the product defective, unsafe and unreasonably dangerous.

> (a) Defendant Inductotherm Group denies the allegations contained in this paragraph that it failed to contain a guarding device so as to protect against injuries to fingers and hands.

(b) Defendant Inductotherm Group denies the allegations contained in this paragraph that it failed to contain an operator control system that would prevent inadvertent Machine activation.

(c) Defendant Inductotherm Group denies the allegations contained in this paragraph that it failed to contain a delay and warning system to make users aware of machine activation.

(d) Defendant Inductotherm Group denies the allegations contained in this paragraph that it failed to provide adequate warnings.

(e) Defendant Inductotherm Group denies the allegations contained in this paragraph that it failed to provide adequate instructions.

(f) Defendant Inductotherm Group denies the allegations contained in this paragraph that it was otherwise careless and negligent.

21. Defendant Inductotherm Group denies that as a proximate result of one or more of the foregoing conditions, the Machine was unreasonably dangerous when it left its control.

22. It is denied that Plaintiff Anthony Rein sustained injuries due to any defect in the design, manufacture, sale or distribution of a machine utilized by Plaintiff and placed into the stream of commerce by Defendant Inductotherm Group.

As to any injuries alleged by Plaintiff Anthony Rein, Defendant Inductotherm Group, after reasonable inquiry, is unable to admit or deny the allegations as pled and leave Plaintiffs to their proofs.

**WHEREFORE,** Defendant Inductotherm Group respectfully requests that Plaintiffs' Complaint be dismissed with prejudice and that the Court award taxed costs in addition to any other relief that the Court deems appropriate.

## AS TO COUNT IV – NEGLIGENCE

### (As to Inductotherm Group)

23. Defendant Inductotherm Group repeats each and every response to Paragraphs 1 through 22 of the Answer as if more specifically set forth in full herein.

24. Defendant Inductotherm Group denies that it owed and possessed a non-delegable duty to design and manufacture a "Machine" that would not cause foreseeable injury to others.

25. It is denied that the "Machine" alleged to have been designed by Defendant Inductotherm Group contained any design or manufacturing defect which rendered the product defective, unsafe and unreasonably dangerous.

(a) Defendant Inductotherm Group denies the allegations contained in this paragraph that it failed to contain a guarding device so as to protect against injuries to fingers and hands.

(b) Defendant Inductotherm Group denies the allegations contained in this paragraph that it failed to contain an operator control system that would prevent inadvertent Machine activation.

(c) Defendant Inductotherm Group denies the allegations contained in this paragraph that it failed to contain a delay and warning system to make users aware of machine activation.

(d) Defendant Inductotherm Group denies the allegations contained in this paragraph that it failed to provide adequate warnings.

(e) Defendant Inductotherm Group denies the allegations contained in this paragraph that it failed to provide adequate instructions.

(f) Defendant Inductotherm Group denies the allegations contained in this paragraph that it was otherwise careless and negligent.

26. Defendant Inductotherm Group denies that as a proximate result of one or more of the foregoing conditions, the Plaintiff Anthony Rein was severely and permanently injured.

27. It is denied that Plaintiff Anthony Rein sustained injuries due to any defect in the design, manufacture, sale or distribution of a machine utilized by Plaintiff and placed into the stream of commerce by Defendant Inductotherm Group.

As to any injuries alleged by Plaintiff Anthony Rein, Defendant Inductotherm Group, after reasonable inquiry, is unable to admit or deny the allegations as pled and leave Plaintiffs to their proofs.

**WHEREFORE,** Defendant Inductotherm Group respectfully requests that Plaintiffs' Complaint be dismissed with prejudice and that the Court award taxed costs in addition to any other relief that the Court deems appropriate.

## AS TO COUNT V – LOSS OF CONSORTIUM

### (As to Thermatool and Inductotherm Group)

28. Defendants Thermatool and Inductotherm Group repeat each and every response to Paragraphs 1 through 27 of the Answer as if more specifically set forth in full herein.

29. After reasonable inquiry, Defendants are unable to admit or deny the allegations as pled and leave Plaintiffs to their proofs.

30. Defendants deny that any damages suffered by Plaintiff Jaqueline Rein are a direct proximate result of any actions or failures to act attributable to Defendants.

31. After reasonable inquiry, Defendants are unable to admit or deny the allegations as pled and leave Plaintiffs to their proofs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' cause of action is barred by virtue of the applicable statute of repose, including but not limited to, 735 ILCS 13/213.

### Second Affirmative Defense

Plaintiffs' Complaint fails to state a cause of action against answering Defendants upon which relief can be granted.

### Third Affirmative Defense

Plaintiffs' claims must fail inasmuch as there is no defect in any product manufactured, designed, or distributed by the answering Defendants.

### Fourth Affirmative Defense

The Defendants were not guilty of any conduct or negligence which was the proximate or producing cause of any injury or damage as alleged in Plaintiffs' Complaint.

### Fifth Affirmative Defense

Plaintiffs' claims must fail by virtue of subsequent modifications which were made to any product manufactured, designed and/or distributed by answering Defendants.

### Sixth Affirmative Defense

Plaintiffs' claims are barred because Plaintiffs' misuse of Defendant's product was not a reasonably foreseeable use.

### Seventh Affirmative Defense

Plaintiffs' Complaint is barred by misuse of the product by others over which Defendants had no control or knowledge.

**Eighth Affirmative Defense**

The Defendants breached no duty owed to the Plaintiffs.

**Ninth Affirmative Defense**

Plaintiffs' claims are barred for failure to implead indispensable parties.

**Tenth Affirmative Defense**

Plaintiff Anthony Rein's Complaint is barred by application of the doctrine of

Assumption of the Risk.

**Eleventh Affirmative Defense**

Plaintiffs' negligence is greater than that of the Defendants and therefore Plaintiffs are

barred from recovery.

**Twelfth Affirmative Defense**

The action or inaction of Defendants was not the proximate cause of Plaintiffs' injuries.

**Thirteenth Affirmative Defense**

Plaintiffs' claims are barred by the application of the principle of comparative negligence.

**Fourteenth Affirmative Defense**

The incident and Plaintiffs alleged injuries were caused by the negligence or acts of third

parties over whom answering Defendants had no supervision or control.

**Fifteenth Affirmative Defense**

Plaintiffs' damages, if any, should be reduced by the percentage of negligence attributable

to Plaintiffs.

**RESERVATION OF DEFENSES**

This answering defendant hereby reserves the right to interpose any other defense which a

continuing investigation may disclose.

By: _____

Dated:  December 18, 2019

Robert P. Avolio, Esq.
Attorney No.: 90784745
ravolio@eckertseamans.com
Shane D. Valenzi, Esq.
Attorney No.: 6314178
svalenzi@eckertseamans.com
ECKERT SEAMANS CHERIN & MELLOTT, LLC
2000 Lenox Drive, Suite 203
Lawrenceville, New Jersey
(609) 392-2100
(609) 392-7956 (facsimile)

And (as Chicago counsel):

Carmen D. Caruso
Illinois Bar #6186462
Member of Trial Bar (Northern District of Illinois)
CARMEN D. CARUSO LAW FIRM
77 West Washington Street, Suite 1900
Chicago, Illinois 60602
(312) 626-1160
(312) 276-8646 (facsimile)
cdc@cdcaruso.com

## CERTIFICATION OF FILING AND SERVICE

I HEREBY CERTIFY that I caused a true and accurate copy of the foregoing to be electronically filed in the United States District Court for the Northern District of Illinois and served upon the below by email and regular mail:

James K. Borcia (jborcia@tresslerllp.com)
Shannon Harvey (sharvey@tresslerllp.com)
Tressler LLP
233 South Wacker Drive, 61st Floor
Chicago, Illinois 60606

By: _____

Dated:  December 18, 2019

Robert P. Avolio, Esq.